Mr. Barry Emigh 1104 7th Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted five similar measures, four of which I rejected due to ambiguities in the text of your proposed amendments. See Op. Att'y Gen. 2001-173, 2001-110, 2001-095 and 2001-074. On May 29, 2001, I revised and certified the popular name and ballot title for a similar measure, as evidenced by Op. Att'y Gen.2001-129. You have since made additional changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN AMENDMENT TO AUTHORIZE THE OPERATION OF GAMBLING BY BARRY LEE EMIGH AND HIS TRANSFEREES, BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS, AND TO EXEMPT CERTAIN ITEMS FROM STATE AND LOCAL TAX
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE OPERATION OF BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS INCORPORATED OR REGISTERED TO DO BUSINESS IN THE STATE; PROHIBITING PERSONS UNDER THE AGE OF 18 FROM PARTICIPATING IN BINGO AND RAFFLES; AUTHORIZING BARRY LEE EMIGH AND HIS HEIRS TO OPERATE GAMBLING ON WATER VESSELS ANCHORED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN ANY COUNTY, CITY AND TOWN ON ANY DAY FOR THE WHOLE OF A TWENTY-FOUR HOUR DAY; DEFINING GAMBLING AS THE RISKING OF MONEY ON A CHANCE BETWEEN PERSONS WHERE ONE IS LOSER AND OTHER GAINER WITH COMMONLY CALLED GAMBLING AND GAMING DEVICES TO INCLUDE ANY KIND OF ROULETTE WHEELS, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS AND DICE USED IN ANY MANNER AND PARI-MUTUEL WAGERING OF ANY KIND; AUTHORIZING THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES, WITHOUT LICENSE OR FEE BY THE STATE OR ANY SUBDIVISION THEREOF, DURING SUCH OPERATION OF GAMBLING ON WATER VESSELS ANCHORED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN ANY COUNTY, CITIES AND TOWNS (INCLUDING THOSE COUNTIES, CITIES AND TOWNS IN WHICH THE SALE OF ALCOHOLIC BEVERAGES IS OTHERWISE PROHIBITED); AUTHORIZING BARRY LEE EMIGH OR HIS HEIRS TO HIRE PERSONS AND TO SUBCONTRACT WITH ANY INDEPENDENT CONTRACTOR TO OPERATE GAMBLING WITH THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES; PROVIDING THAT THE GAMBLING OPERATION AND GAMBLING PROPERTY SHALL BE TRANSFERABLE AS AN INHERITANCE FROM BARRY LEE EMIGH TO HIS HEIRS AND THEIR HEIRS WITHOUT THE APPROVAL OF THE GENERAL ASSEMBLY AND WITHOUT ANY TAX OR FEE; AUTHORIZING BARRY LEE EMIGH OR HIS HEIRS TO TRANSFER THE GAMBLING OPERATION, IN WHOLE OR IN PART, TO ANY PERSON OR CORPORATION WITH THE APPROVAL OF A MAJORITY OF THE GENERAL ASSEMBLY; PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PARTICIPATING IN ANY SUCH GAMBLING ON WATER VESSELS; PROVIDING FOR LEGAL SHIPMENT OF GAMBLING DEVICES; REQUIRING PAYMENTS TO THE STATE, COUNTY AND CITY IF APPLICABLE FROM GAMBLING NET PROFITS; DEFINING NET PROFIT AS THE AMOUNT OF MONEY EARNED FROM THE OPERATION OF GAMBLING AFTER OPERATIONAL COSTS ARE DEDUCTED FROM THE GROSS PROFIT WITH GROSS PROFIT BEING THE AMOUNT OF MONEY EARNED AS A PROFIT FROM GAMBLING OVER THE AMOUNT PAID AS GAMBLING LOSSES TO WINNERS; PROVIDING THAT OPERATIONAL COSTS INCLUDE THE COST OF GAMING DEVICES, CONTRACTS FOR WORK AND SERVICES, MAINTENANCE, CLEANING, SUBCONTRACTING OF THE GAMBLING OPERATION, INSURANCE, EMPLOYEE PAYROLL AND BENEFITS, LEASE OF PROPERTY TO INCLUDE WATER VESSELS, INTEREST ON LOANS, ADVERTISING AND PROMOTION AND COMPLIMENTARY ALCOHOLIC BEVERAGES; PROVIDING THAT AMOUNTS DEDUCTED SHALL NOT INCLUDE THE WATER VESSEL'S PURCHASE PRICE OR ANY COST RELATED TO THE VESSEL'S CONSTRUCTION OR RENOVATION OWNED BY THE GAMBLING OPERATOR; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY TO THE STATE'S GENERAL FUND; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON EACH WATER VESSEL WITHIN A COUNTY SHALL BE PAID ANNUALLY TO THAT COUNTY'S GENERAL FUND; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON EACH VESSEL WITHIN A CITY'S JURISDICTION SHALL BE PAID ANNUALLY TO THAT CITY'S GENERAL FUND; REQUIRING THAT 8% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY TO THE DEPARTMENT OF EDUCATION AND DISTRIBUTED (LESS REASONABLE COSTS OF DISTRIBUTION) WITHOUT AN APPROPRIATION REQUIREMENT AS FOLLOWS: 50% SHALL BE DISTRIBUTED TO THE PUBLICLY FUNDED K THROUGH 12 GRADE SCHOOLS BASED ON STUDENT ENROLLMENT AND 50% SHALL BE DISTRIBUTED TO ALL TEACHERS EMPLOYED BY PUBLICLY FUNDED INSTITUTES OF EDUCATION, INCLUDING BUT NOT LIMITED TO GRADES K THROUGH 12 AND COLLEGES AND UNIVERSITIES WITH EACH TEACHER PAID AN EQUAL AMOUNT; EMPOWERING THE LOCALLY ELECTED SCHOOL BOARDS TO REGULATE THE USE OF THE NET PROFIT PAID TO SCHOOLS; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY BY BARRY LEE EMIGH OR HIS TRANSFEREES TO THE CANVASSERS OF THIS AMENDMENT BASED UPON THE NUMBER OF VALID SIGNATURES EACH CANVASSER OBTAINED TO PLACE THE AMENDMENT ON THE BALLOT AND PAID TO EACH CANVASSER UNTIL THEIR DEATH; REQUIRING THAT THE GAMBLING OPERATOR ANNUALLY PROVIDE THE STATE AUDITOR WITH THE COMPLETE BOOKS AND ACCOUNTS OF THE GAMBLING OPERATION; REQUIRING THE STATE AUDITOR NOTIFY THE GAMBLING OPERATOR OF ANY DEFICIT PAYMENTS; PROHIBITING ANY OTHER TAX BY THE STATE OR ANY SUBDIVISION THEREOF ON GAMBLING REVENUE EXCEPT AS SPECIFIED IN THIS AMENDMENT; PROHIBITING THE LEVY OF ANY PROPERTY TAX, FEES OR ASSESSMENTS BY THE STATE OR ANY SUBDIVISION ON ANY WATER VESSEL OR THE CONTENTS THEREIN USED FOR GAMBLING; PROVIDING THAT BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002, AFTER PASSAGE OF THIS AMENDMENT ANY ITEM A RECIPIENT OF FOOD STAMPS CAN PURCHASE WITH FOOD STAMPS AS PROVIDED UNDER 7 U.S.C.A. 2011 ET SEQ., COMMONLY CALLED THE FEDERAL "FOOD STAMP PROGRAM" SHALL BE EXEMPT FROM ANY NEW AND EXISTING STATE AND LOCAL GROSS RECEIPT SALES TAXES NOT USED FOR THE PURPOSE OF AN EXISTING BOND ISSUE; PROVIDING THAT THE REVENUE LOSS FROM THIS SALES TAX EXEMPTION SHALL NOT BE REPLACED BY THIS AMENDMENT (WHICH MAY RESULT IN THE LOSS OF GOVERNMENT SERVICES THAT WERE PAID FOR BY THE LOST REVENUE); MAKING THE PROVISIONS OF THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY UPON PASSAGE EXCEPT AS OTHERWISE PROVIDED IN THE AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Popular Name AN AMENDMENT TO AUTHORIZE THE OPERATION OF GAMBLING BY BARRY LEE EMIGH AND HIS TRANSFEREES, BINGO AND RAFFLES BY NON PROFIT ORGANIZATIONS, AND TO EXEMPT CERTAIN ITEMS FROM STATE AND LOCAL SALES TAX
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE OPERATION OF BINGO AND RAFFLES BY ANY NON PROFIT ORGANIZATIONS INCORPORATED OR REGISTERED TO DO BUSINESS IN THE STATE; PROHIBITING PERSONS UNDER THE AGE OF 18 FROM PARTICIPATING IN BINGO AND RAFFLES; AUTHORIZING BARRY LEE EMIGH AND HIS HEIRS TO OPERATE GAMBLING ON WATER VESSELS ANCHORED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN ANY COUNTY, CITY AND TOWN ON ANY DAY FOR THE WHOLE OF A TWENTY-FOUR HOUR DAY; DEFINING GAMBLING AS THE RISKING OF MONEY ON A CHANCE BETWEEN PERSONS WHERE ONE IS LOSER AND OTHER GAINER WITH COMMONLY CALLED GAMBLING AND GAMING DEVICES TO INCLUDE ANY KIND OF ROULETTE WHEELS, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS AND DICE USED IN ANY MANNER AND PARI-MUTUEL WAGERING OF ANY KIND; AUTHORIZING THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES, WITHOUT LICENSE OR FEE BY THE STATE OR ANY SUBDIVISION THEREOF, DURING SUCH OPERATION OF GAMBLING ON WATER VESSELS ANCHORED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN ANY COUNTY, CITIES AND TOWNS (INCLUDING THOSE COUNTIES, CITIES AND TOWNS IN WHICH THE SALE OF ALCOHOLIC BEVERAGES IS OTHERWISE PROHIBITED); AUTHORIZING BARRY LEE EMIGH OR HIS HEIRS TO HIRE PERSONS AND TO SUBCONTRACT WITH ANY INDEPENDENT CONTRACTOR TO OPERATE GAMBLING WITH THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES; PROVIDING THAT THE GAMBLING OPERATION AND GAMBLING PROPERTY SHALL BE TRANSFERABLE AS AN INHERITANCE FROM BARRY LEE EMIGH TO HIS HEIRS AND THEIR HEIRS WITHOUT THE APPROVAL OF THE GENERAL ASSEMBLY AND WITHOUT ANY TAX OR FEE; AUTHORIZING BARRY LEE EMIGH OR HIS HEIRS TO TRANSFER THE GAMBLING OPERATION, IN WHOLE OR IN PART, TO ANY PERSON OR CORPORATION WITH THE APPROVAL OF A MAJORITY OF THE GENERAL ASSEMBLY; PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PARTICIPATING IN ANY SUCH GAMBLING ON WATER VESSELS; PROVIDING FOR LEGAL SHIPMENT OF GAMBLING DEVICES; REQUIRING PAYMENTS TO THE STATE, COUNTY AND CITY IF APPLICABLE FROM GAMBLING NET PROFITS; DEFINING NET PROFIT AS THE AMOUNT OF MONEY EARNED FROM THE OPERATION OF GAMBLING AFTER OPERATIONAL COSTS ARE DEDUCTED FROM THE GROSS PROFIT WITH GROSS PROFIT BEING THE AMOUNT OF MONEY EARNED AS A PROFIT FROM GAMBLING OVER THE AMOUNT PAID AS GAMBLING LOSSES TO WINNERS; PROVIDING THAT OPERATIONAL COSTS INCLUDE THE COST OF GAMING DEVICES, CONTRACTS FOR WORK AND SERVICES, MAINTENANCE, CLEANING, SUBCONTRACTING OF THE GAMBLING OPERATION, INSURANCE, EMPLOYEE PAYROLL AND BENEFITS, LEASE OF PROPERTY TO INCLUDE WATER VESSELS, INTEREST ON LOANS, ADVERTISING AND PROMOTION AND COMPLIMENTARY ALCOHOLIC BEVERAGES; PROVIDING THAT AMOUNTS DEDUCTED AS OPERATIONAL COSTS SHALL NOT INCLUDE THE PURCHASE PRICE OR ANY COST RELATED TO THE ORIGINAL CONSTRUCTION OR RENOVATION OF A WATER VESSEL OWNED BY THE GAMBLING OPERATOR; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY TO THE STATE'S GENERAL FUND; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON EACH WATER VESSEL WITHIN A COUNTY SHALL BE PAID ANNUALLY TO THAT COUNTY'S GENERAL FUND; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON EACH VESSEL WITHIN A CITY'S JURISDICTION SHALL BE PAID ANNUALLY TO THAT CITY'S GENERAL FUND; REQUIRING THAT 8% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY TO THE DEPARTMENT OF EDUCATION AND DISTRIBUTED (LESS REASONABLE COSTS OF DISTRIBUTION) WITHOUT AN APPROPRIATION REQUIREMENT AS FOLLOWS: 50% SHALL BE DISTRIBUTED TO THE PUBLICLY FUNDED K THROUGH 12 GRADE SCHOOLS BASED ON STUDENT ENROLLMENT AND 50% SHALL BE DISTRIBUTED TO ALL TEACHERS EMPLOYED BY PUBLICLY FUNDED INSTITUTES OF EDUCATION, INCLUDING BUT NOT LIMITED TO GRADES K THROUGH 12 AND COLLEGES AND UNIVERSITIES WITH EACH TEACHER PAID AN EQUAL AMOUNT; EMPOWERING THE LOCALLY ELECTED SCHOOL BOARDS TO REGULATE THE USE OF THE NET PROFIT PAID TO SCHOOLS; REQUIRING THAT 2% OF THE NET PROFIT FROM GAMBLING OPERATED ON ALL WATER VESSELS WITHIN THE STATE SHALL BE PAID ANNUALLY BY BARRY LEE EMIGH OR HIS TRANSFEREES TO THE CANVASSERS OF THIS AMENDMENT BASED UPON THE NUMBER OF VALID SIGNATURES EACH CANVASSER OBTAINED TO PLACE THE AMENDMENT ON THE BALLOT AND PAID TO EACH CANVASSER UNTIL THEIR DEATH; REQUIRING THAT THE GAMBLING OPERATOR ANNUALLY PROVIDE THE STATE AUDITOR WITH THE COMPLETE BOOKS AND ACCOUNTS OF THE GAMBLING OPERATION; REQUIRING THAT THE STATE AUDITOR NOTIFY THE GAMBLING OPERATOR OF ANY DEFICIT PAYMENTS; PROHIBITING ANY OTHER TAX BY THE STATE OR ANY SUBDIVISION THEREOF ON GAMBLING REVENUE EXCEPT AS SPECIFIED IN THIS AMENDMENT; PROHIBITING THE LEVY OF ANY PROPERTY TAX, FEES OR ASSESSMENTS BY THE STATE OR ANY SUBDIVISION ON ANY WATER VESSEL OR THE CONTENTS THEREIN USED FOR GAMBLING; PROVIDING THAT BEGINNING ON THE FIRST TUESDAY OF DECEMBER, 2002, AFTER PASSAGE OF THIS AMENDMENT ANY ITEM A RECIPIENT OF FOOD STAMPS CAN PURCHASE WITH FOOD STAMPS AS PROVIDED UNDER 7 U.S.C.A. 2011 ET SEQ., COMMONLY CALLED THE FEDERAL "FOOD STAMP PROGRAM" SHALL BE EXEMPT FROM ANY NEW AND EXISTING STATE AND LOCAL GROSS RECEIPT SALES TAXES NOT USED FOR THE PURPOSE OF AN EXISTING BOND ISSUE; PROVIDING THAT THE REVENUE LOSS FROM THIS SALES TAX EXEMPTION SHALL NOT BE REPLACED BY THIS AMENDMENT (WHICH MAY RESULT IN THE LOSS OF GOVERNMENT SERVICES THAT WERE PAID FOR BY THE LOST REVENUE); MAKING THE PROVISIONS OF THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY UPON PASSAGE EXCEPT AS OTHERWISE PROVIDED IN THE AMENDMENT; MAKING THE AMENDMENT SEVERABLE; AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure